**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HOSETTA ZERTUCHE,

    Plaintiff-Appellant,

 v.

JAMES GLEASON,

    Defendant-Appellee.

No. 14-15047

D.C. No. 4:11-cv-03691-YGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted February 11, 2016
San Francisco, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and ADELMAN,[**] District
Judge.

 A jury returned a verdict in favor of defendant James Gleason on plaintiff

Hossetta Zertuche's First Amendment retaliation claim under 42 U.S.C. § 1983.

Zertuche now appeals (1) the district court's jury instruction defining a "substantial

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The Honorable Lynn S. Adelman, District Judge for the U.S. District
Court for the Eastern District of Wisconsin, sitting by designation.

or motivating factor" in relation to her indirect theory of liability and (2) the district court's decision to dismiss her punitive damages claim after Zertuche concluded her case-in-chief.

We affirm the district court because neither decision Zertuche challenges was prejudicial. On its special verdict, the jury concluded that Zertuche had suffered no adverse employment action and did not reach the question of whether Gleason's actions were a substantial or motivating factor, and thus any error in the substantial or motivating factor definition was harmless. *Chess v. Dovey*, 790 F.3d 961, 977 (9th Cir. 2015). Zertuche contends that the definition was not harmless, arguing that the verdict question on whether Zertuche suffered an adverse employment decision could have confused the jury by using language from the substantial and motivating factor definition, possibly leading it to consider the substantial and motivating factor definition when determining the adverse employment action question. We disagree and find that the instructions and verdict were straightforward and not likely to confuse the jury. Finally, because we affirm the jury's finding of no liability, any error the court made in dismissing the punitive damages claim was also harmless. *Bulgo v. Munoz*, 853 F.2d 710, 716 (9th Cir. 1988).

AFFIRMED.